[Civ. No. 1443.   Fourth Appellate District.—May 13, 1933.]

MORRIS PLAN COMPANY OF ORANGE COUNTY (a Corporation), Appellant, v. FREDERICK E. KAHEN, Respondent.

Wm. J. M. Heinz for Appellant.

Chas. D. Swanner for Respondent.

ANDREWS, J., *pro tem.*—Defendant moves to dismiss this appeal upon the ground that the action having been commenced in the justice's court where jurisdiction was limited to $300, and thereafter tried *de novo* on appeal to the superior court, no further appeal can be taken to this court.

The action in the justice's court was upon a note for $198, and in that court defendant interposed an answer and counterclaimed for the sum of $500. The trial in the justice's court resulted in a judgment for plaintiff in a total sum of less than $300. An appeal was taken by defendant to the superior court and a trial had upon the same pleadings, resulting in a judgment that plaintiff take nothing and defendant have judgment against the plaintiff for the sum of $55, and costs.

It has been determined in this state that the putting in of a counterclaim for a sum greater than $300 does not oust the justice of jurisdiction and that such a pleading may be stricken on motion. It has also been held that, after appeal to the superior court, pleadings may be amended but the amendment must be confined, whether on the part of plaintiff or of defendant, to the jurisdictional sum of $300, and that on such appeal the superior court may only try issues and give judgment for an amount within the jurisdiction of the justice.

It cannot be determined whether the justice undertook to try the counterclaim or ignored it and tried only the issue presented by plaintiff's complaint, the judgment rather indicating the latter course. On appeal the superior court undoubtedly did try the issue presented by the counterclaim and rendered an affirmative judgment canceling plaintiff's claim and awarding defendant the sum of $55, which amounted to a sum less than $300.

The point involved in the motion is whether the superior court, having undertaken to try an issue involving

$500 on an appeal from the justice's court, exceeded its jurisdiction and rendered a void judgment which could be corrected by appeal to this court. Our courts hold that where the superior court undertakes to try and give judgment in cases within its original jurisdiction, even where such issue comes to it by reason of an appeal, although not by virtue of the appeal, that the remedy is to have such judgment corrected, if erroneous, by appeal to the upper courts the same as if the issue had been brought originally in the superior court.

The motion to dismiss is denied.

Barnard, P. J., and Jennings, J., concurred.